1   Gail E. Cohen (093210),
    gcohen@barwol.com
2   Sarah Houshiar (235084),
    shoushiar@barwol.com
3   BARGER & WOLEN LLP
    633 West Fifth Street, 47th Floor
4   Los Angeles, California 90071
    Telephone: (213) 680-2800
5   Facsimile: (213) 614-7399

6   Attorneys for Defendant
    Primerica Life Insurance Company
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  HERMY A. FUENTES and VIRGINIA    ) CASE NO. C08-02210 MMC
    FUENTES,                          )
12                                    )
            Plaintiffs,               ) DEFENDANT PRIMERICA LIFE
13                                    ) INSURANCE COMPANY'S
        vs.                           ) **ANSWER** TO COMPLAINT
14                                    )
    PRIMERICA LIFE INSURANCE          )
15  COMPANY and DOES 1 through 20,    )
                                      ) Complaint Filed: March 24, 2008
16          Defendants.               )
                                      )
17  ————————————————————————————————

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office\10406\018\08pleadings\answer.doc

1    Defendant Primerica Life Insurance Company ("Primerica") answers the
2  Complaint of Plaintiffs Hermy A. Fuentes and Virginia Fuentes ("Plaintiffs") as
3  follows:

# I

# PARTIES

7    1.    Referring to paragraph I of the Complaint, Primerica admits that it is a
8  Massachusetts corporation authorized to do business in California by the California
9  Secretary of State and California Department of Insurance. Primerica further
10 affirmatively alleges that it is a Massachusetts corporation engaged in the insurance
11 business with its principal place of business located at 3120 Breckinridge Boulevard,
12 Duluth, Georgia 30099. Except as specifically admitted and alleged, Primerica
13 denies the allegations of paragraph I.

14    2.    Referring to paragraph II of the Complaint, Primerica lacks information
15 and knowledge to form a belief as to any fictitious defendants that might be liable for
16 the acts alleged in the Complaint and, on that basis, denies each and every allegation
17 contained therein.

18    3.    Referring to paragraph III of the Complaint, Primerica lacks information
19 and knowledge to form a belief as to any fictitious defendants that might be liable for
20 the acts alleged in the Complaint and, on that basis, denies each and every allegation
21 contained therein.

22    4.    Referring to paragraph IV of the Complaint, Primerica is informed and
23 believes that Plaintiffs are the parents of Decedent Mercedes P. Fuentes
24 ("Decedent"), who died on March 29, 2006, and on that basis, admits this allegation.

25    5.    Referring to paragraph V of the Complaint, Primerica alleges that on
26 January 7, 2005, Primerica issued a policy of term life insurance to Decedent,
27 specifically policy number 0433333419 ("the Policy"), whereby Decedent's life was
28 insured in the face amount of $150,000. Said Policy bears a date of January 15, 2005

1  and an expiration date of January 15, 2051. Primerica further affirmatively alleges
2  that Decedent identified Plaintiffs as the primary beneficiaries and Margaret Fuentes
3  as the contingent beneficiary, therein. Except as specifically admitted and alleged,
4  Primerica denies the allegations of paragraph V.

5      6.    Referring to paragraph VI of the Complaint, Primerica is informed and
6  believes that Decedent died in South San Francisco, County of San Mateo, State of
7  California. Except as specifically admitted and alleged, Primerica denies the
8  allegations of paragraph VI.

9      7.    Referring to paragraph VII of the Complaint, Primerica is informed and
10  believes that Plaintiffs gave Primerica due and timely notice and proof of Decedent's
11  death. Except as specifically admitted and alleged, Primerica denies the allegations
12  of paragraph VII.

13      8.    Referring to paragraph VIII of the Complaint, Primerica is informed and
14  believes that Plaintiffs have demanded of Primerica payment of $150,000 and that
15  Primerica has refused to pay the whole or any part of that amount. Except as
16  specifically admitted and alleged, Primerica denies the allegations of paragraph VIII.

17      9.    Referring to the allegations in paragraph IX of the Complaint, Primerica
18  denies each and every allegation contained therein.

19

20              **AFFIRMATIVE DEFENSES**

21              **First Affirmative Defense**

22          **(Failure to State a Claim for Relief)**

23

24      10.    Plaintiffs' Complaint, and each and every claim contained therein, fails
25  to state a claim for relief against Primerica upon which relief may be granted.

26  ///

27  ///

28

## Second Affirmative Defense

### (Rescission)

11.     The Policy was and is subject to rescission and is void, *ab initio,* because Decedent and/or her agent, intentionally, negligently, or otherwise misrepresented and/or concealed material facts in connection with the application for the Policy. These misrepresentations and/or concealments, which related to Decedent's health history, were material in that, had Primerica known the true facts, it would have rejected the application.  Primerica reimbursed all premiums paid for the Policy. Therefore, as against Primerica, Plaintiffs are not entitled to the relief sought in the Complaint, which presumes the existence and enforceability of the Policy.

## Third Affirmative Defense

### (Intentional/Negligent Misrepresentation of Fact)

12.     The Complaint, and each cause of action against Defendant therein, is barred because, in applying for the Policy, Decedent and/or her agent, intentionally, with no reasonable ground for believing it to be true, or negligently, made material misrepresentations relating to the Decedent's health history in connection with the application for the Policy.  These misrepresentations were material in that, had Primerica known the true facts, it would have rejected the application.

## Fourth Affirmative Defense

### (Suppression of Fact)

13.     The Complaint, and each cause of action against Defendant therein, is barred because, in applying for the Policy, Decedent and/or her agent, suppressed material facts concerning the Decedent's health history, which material facts the

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 Decedent was bound and obligated to disclose to Defendant. The suppression of fact
2 was material in that, had Primerica known the true facts, it would have rejected the
3 application.

4

5 ## Fifth Affirmative Defense

6 ## (Failure to Comply with Policy Conditions)

7

8     14.    Primerica is informed and believes, and on that basis alleges, that
9 Decedent and/or her agent, failed to comply with one or more conditions precedent,
10 current, and/or subsequent to obtain the Policy and/or under the Policy and, therefore,
11 Plaintiffs are barred from the recovery sought against Primerica.

12

13 ## Sixth Affirmative Defense

14 ## (Privilege)

15

16     15.    Each and every action or statement made by Primerica to or with
17 reference to Plaintiffs, Decedent or each of them, was a good faith assertion of
18 Primerica's rights and therefore was privileged.

19

20 ## Seventh Affirmative Defense

21 ## (Duty to Mitigate)

22

23     16.    Plaintiffs were bound to exercise reasonable care and diligence to avoid
24 loss and to minimize their damages, if any, and Plaintiffs may not recover for losses
25 which could have been prevented by reasonable efforts on their part or on the
26 Decedent's part.

27 ///

28 ///

1

## Eighth Affirmative Defense

2

### (Failure to Perform)

3

4      17.    Primerica alleges that Decedent failed to meet or perform all the

5   necessary covenants, conditions and/or promises required to be performed in

6   accordance with the terms and conditions of the Primerica application for life

7   insurance submitted by Decedent to Primerica, and/or Policy.

8

9

## Ninth Affirmative Defense

10

### (Unclean Hands)

11

12     18.    Primerica is informed and believes that Plaintiffs' claim for relief is

13  barred by the equitable doctrine of unclean hands.

14

15

## Tenth Affirmative Defense

16

### (Estoppel)

17

18     19.    The Complaint and all the causes of action therein are barred by the

19  equitable doctrine of estoppel.

20

21

## Eleventh Affirmative Defense

22

### (Waiver)

23

24     20.    The Complaint is barred by the doctrine of waiver.

25  ///

26  ///

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-

1    ## Twelfth Affirmative Defense

2    ## (Reservation of Defenses)

3

4      21.    Primerica alleges that it presently has insufficient knowledge or

5    information from which to form a belief as to whether it may have additional, as yet

6    unstated, defenses available.

7

8      WHEREFORE, Primerica prays as follows:

9      1.    That Plaintiffs take nothing by way of the Complaint and that the

10    Complaint be dismissed;

11      2. That judgment be entered against Plaintiffs and in favor of Primerica;

12      3. That Primerica be awarded its costs of suit herein; and

13      4. For such other and further relief as this Court deems just and proper.

14

15    Dated: April 30, 2008                BARGER & WOLEN LLP

16

17                                By: _____

18                                    GAIL E. COHEN
                                    SARAH HOUSHIAR
19                                    Attorneys for Defendant Primerica
                                    Life Insurance Company

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-7-