1  Gail E. Cohen (093210),
   gcohen@barwol.com
2  Sarah Houshiar (235084),
   shoushiar@barwol.com
3  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
4  Los Angeles, California 90071
   Telephone: (213) 680-2800
5  Facsimile: (213) 614-7399

6  Attorneys for Defendant
   Primerica Life Insurance Company
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  HERMY A. FUENTES and VIRGINIA )   CASE NO.  C08-02210 MMC
    FUENTES,                      )
12                                )
          Plaintiffs,             )
13                                )   **JOINT RULE 26 AND CASE**
          vs.                     )   **MANAGEMENT REPORT**
14                                )
    PRIMERICA LIFE INSURANCE      )   CMC Date: August 1, 2008
15  COMPANY and DOES 1 through 20, )  Time:        10:30 a.m.
                                   )  Courtroom: 7 - 19th Floor
16          Defendants.           )
                                   )
17  _____ )    Complaint Filed: March 24, 2008
                                   )
18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office\10406\018\08pleadings\rule 26 report.doc

1    Pursuant to the Court's Order setting an Initial Case Management

2  Conference and FRCP 26(f), counsel for Plaintiffs Hermy A. Fuentes and Virginia

3  Fuentes ("Plaintiffs") and counsel for Defendant Primerica Life Insurance Company

4  ("Primerica") conducted their Conference of Counsel and hereby submit the

5  following Joint Rule 26(f) and Case Management Report.

6

7  1.    Basis of Subject Matter Jurisdiction

8    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)

9  in that the parties to this action are citizens of different states and the amount in

10  controversy, exclusive of interest and costs, exceeds $75,000.

11

12  2.    Facts

13  Plaintiffs' Factual Contentions:

14    On January 7, 2005 defendant Primerica issued a policy of term life insurance

15  to Mercedes P. Fuentes. The face amount of the policy was $150,000.00. The

16  beneficiaries named in the policy are plaintiffs Hermy A. Fuentes and Virginia

17  Fuentes, the parents of Mercedes P. Fuentes. Mercedes P. Fuentes died on March 29,

18  2006.

19    Following Ms. Fuentes' death, Plaintiffs contacted Primerica to collect the

20  insurance proceeds in the sum of $150,000.00. Primerica, however, denied the claim

21  on the grounds that the policy application contained erroneous information regarding

22  Ms. Fuentes' medical history. Primerica further contended that had the application

23  been complete and truthful that Ms. Fuentes would not have qualified for the policy

24  and that, therefore, the policy would not have been issued to her.

25    Plaintiffs' contention is that Ms. Fuentes did not fill out or sign the subject

26  policy application. Rather it appears that an employee of Primerica both filled and

27  signed the application. Plaintiffs' further contention is that, since omissions or

28  misstatements by employees or agents of an insurance company are not chargeable to

1  the insured, Primerica is estopped from asserting the right to rescind the policy.

2  Therefore, Plaintiffs contend that Primerica should be compelled to pay Plaintiffs the

3  full face value in the sum of $150,000.00 plus interest.

4

5  Primerica's Factual Contentions:

6  On January 7, 2005, Primerica issued a policy of term life insurance to

7  Mercedes P. Fuentes ("Ms. Fuentes"), specifically policy number 0433333419 ("the

8  Policy"), whereby Ms. Fuentes' life was insured in the face amount of $150,000. Ms.

9  Fuentes named Plaintiffs as the primary beneficiaries and Margaret Fuentes as the

10  contingent beneficiary, therein. Decedent died on March 29, 2006.

11  Following Ms. Fuentes' death, Plaintiffs submitted a claim to Primerica for the

12  insurance proceeds. Primerica, however, denied the claim on the grounds that the

13  Policy application contained material misrepresentations relating to Ms. Fuentes'

14  medical history. Primerica contends that had Ms. Fuentes' true medical history been

15  provided on the application for insurance, Ms. Fuentes would not have qualified for

16  the Primerica Policy, and the Policy would not have been issued.

17  Primerica further asserts that the application was completed with Ms.

18  Fuentes' assistance, that she provided the information that was handwritten on the

19  application in response to the various questions concerning her medical history, that

20  she signed the application and received a copy of the Policy, with the completed and

21  signed application attached thereto, after the Policy was approved and issued by

22  Primerica.

23  Primerica reimbursed all premiums paid for the Policy. Therefore, as

24  against Primerica, Plaintiffs are not entitled to the relief sought in the Complaint,

25  which presumes the existence and enforceability of the Policy.

26

27  3.     Legal Issues

28  The issue in this case is whether the Policy was and is subject to rescission and

is void, *ab initio,* due to the material misrepresentations contained on Ms. Fuentes' application for the Policy.

4.    Motions

Primerica reserves the right to file a motion for summary judgment with respect to Plaintiffs' Complaint.

Other than possible discovery motions, the parties do not presently anticipate filing any additional motions. However, the parties reserve any rights that they may have to file such motions based upon the facts discovered in this matter.

At this point, since discovery has just commenced, the parties are unable to anticipate which motions *in limine* they will need to file. The parties reserve their right to file these motions.

5.    Amendment of Pleadings

The parties do not anticipate that further motions to amend the pleadings or to add additional parties will be necessary.

6.    Evidence Preservation

Appropriate steps have been taken to preserve evidence relevant to the issues reasonable evidence in this case.

7.    Initial Disclosures

Rule 26 Initial Disclosures shall be made on or before July 25, 2008. No changes in the timing of disclosures are required.

8.    Discovery

Each party intends to serve written discovery regarding the other party's contentions and defenses.

1    Primerica intends to depose Plaintiffs and other knowledgeable persons
2    identified through discovery. And Plaintiffs will also depose knowledgeable persons
3    identified through discovery.

4         No changes on the limitations on discovery are required, but the parties
5    reserve their right to request changes at a later date if warranted.

7    9.    Class Actions
8         This is not a class action.

10   10.   Related Cases
11        There are no related cases or proceedings pending before another judge of
12   this Court or before another court or administrative body.

14   11.   Relief
15        Plaintiffs seek death benefits in the amount of $150,000 plus interest.

17   12.   Settlement and ADR
18        The parties have agreed to proceed with private mediation and are in the
19   process of selecting a mediator.

21   13.   Consent to Magistrate Judge for All Purposes
22        The parties do not elect to have this action tried by a Magistrate Judge.

24   14.   Other References
25        This case is not suitable for reference to binding arbitration, a special matter,
26   or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Primerica reserves the right to file a motion for summary judgment with respect to Plaintiffs' Complaint.

Other than possible discovery motions, the parties do not presently anticipate filing any additional motions. However, the parties reserve any rights that they may have to file such motions based upon the facts discovered in this matter.

At this point, since discovery has just commenced, the parties are unable to anticipate which motions *in limine* they will need to file. The parties reserve their right to file these motions.

If either party is successful in whole or in part on these motions, the issue for trial may be narrowed.

16. Expedited Schedule

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling

The parties propose the following schedule of Pre-Trial Dates:

| | |
|---|---|
| Non-expert Discovery cut off: | April 1, 2009 |
| Expert Witness Disclosure: | June 1, 2009 |
| Rebuttal Expert Witness Disclosure: | July 1, 2009 |
| Expert Discovery Cut-off: | August 3, 2009 |
| Last day for hearing motions: | September 30, 2009 |
| Pre-Trial Conference: | October 16, 2009 |
| Trial: | November 9, 2009 |

18.  Trial

This action will be a jury trial. The parties anticipate that trial will take five (5) court days.

19.  Disclosure of Non-party Interested Entities or Persons

Primerica certifies that as of this date, the following parties have a financial interest in the subject matter in controversy or in a party to the proceeding: Citigroup Insurance Holding Corporation is the parent company of Primerica. Associated Madison Companies, Inc. is the parent company of Citigroup Insurance Holding Corporation. Citigroup, Inc. is the parent company of Associated Madison Companies, Inc. Of these entities, only Citigroup, Inc. issues stock.

20.  Other Issues Affecting Case Management

The case is not a complex matter. The parties are unaware of any other legal or factual issues affecting the status or case management of the case.

Dated: July 25, 2008                          BARGER & WOLEN LLP

                                              By: _____
                                                  GAIL E. COHEN
                                                  SARAH HOUSHIAR
                                                  Attorneys for Defendant Primerica
                                                  Life Insurance Company

Dated: July 25, 2008                          FINWALL LAW OFFICES

                                              By:  /s/
                                                  GORDON FINWALL
                                                  Attorneys for Plaintiffs Hermy A.
                                                  Fuentes and Virginia Fuentes
                                                  **As authorized on**